UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| HAJJ SHABAZZ, | Civil File No. 05-2178 (JRT/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| STATE OF MINNESOTA, | |
| Respondent. | |

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's Application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this action be SUMMARILY DISMISSED WITH PREJUDICE, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In September 2002, the police discovered Petitioner in a motel room with a fourteen year old girl. Petitioner was arrested for criminal sexual conduct, and during the course of the arrest, the police discovered a handgun in one of Petitioner's shoes. Petitioner was later charged with illegal possession of a firearm, as well as third degree criminal sexual conduct.

Petitioner moved to suppress the evidence that the police found in the motel room, including the handgun. He contended that the evidence was obtained by means of an

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

unconstitutional search and seizure. The trial court denied Petitioner's suppression motion, and a jury later found him guilty on the firearm charge, but not guilty on the criminal sexual conduct charge. Petitioner was sentenced to 60 months in prison, and he is currently serving his sentence at the Minnesota Correctional Facility in Rush City, Minnesota.

Petitioner challenged his conviction and sentence on direct appeal to the Minnesota Court of Appeals. He argued that his suppression motion should have been granted, because the police violated his Fourth Amendment rights during course of his arrest and the search of his motel room. However, the Court of Appeals upheld the trial court's ruling on the merits, and affirmed Petitioner's conviction. State v. Shabazz, No. A03-598 (Minn.App. 2004), 2004 WL 835228 (unpublished opinion).[2] Petitioner sought further review in the Minnesota Supreme Court, but that request was denied on June 29, 2004.

On September 20, 2005, Petitioner filed his present application for federal habeas corpus relief under 28 U.S.C. § 2254. The present petition raises only one claim for relief, which is the same Fourth Amendment claim that was raised in Petitioner's state court appeal. For the reasons discussed below, the Court concludes that Petitioner cannot be granted habeas corpus relief on the one claim presented here, and that his petition must be summarily dismissed with prejudice.

## II. DISCUSSION

Petitioner presently contends, as he did throughout his various state court proceedings,

---

[2] The Court of Appeals remanded Petitioner's case to the trial court for re-sentencing. Petitioner's submissions do not indicate what happened as a result of that remand, and Petitioner's sentence is not at issue here.

that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure." (Petition, p. (5), § 12.A.) According to Petitioner, the police improperly "entered [his] motel room without a warrant and conducted a full-blown search." (Id.) Petitioner claims that his conviction should be set aside because the allegedly illegal search and seizure, and the subsequent admission of the seized evidence at his trial, violated his rights under the Fourth Amendment to the Constitution.

Petitioner's Fourth Amendment claim is barred by the Supreme Court's decision in Stone v. Powell, 428 U.S. 465 (1976). There, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 482. The holding of Stone v. Powell is clearly applicable here.

Petitioner does not contend that he was deprived of a full and fair opportunity to raise his Fourth Amendment claim in his state court proceedings. Indeed, Petitioner had at least two such opportunities -- first by his suppression motion before the trial court, and again by his direct appeal. Shabazz, 2005 WL 835228 at * 2-4. It appears that both the trial court and the Minnesota Court of Appeals provided Petitioner ample opportunity to present his Fourth Amendment claim. Both of those courts fully considered Petitioner's claim, and both courts decided the search and seizure issues on the merits. Id.

While Petitioner obviously disagrees with the outcome of the state court proceedings, he does not deny that they occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claim. Thus, the resolution of Petitioner's only claim for

relief in this case is simple and straightforward. Because Petitioner received a full and fair opportunity to present his current Fourth Amendment claim in the Minnesota state courts, <u>Stone v. Powell</u> precludes this Court from entertaining that claim in a federal habeas corpus proceeding. The instant petition must therefore be summarily dismissed, with prejudice, pursuant to Rule 4 of the Governing Rules.

Finally, Petitioner's habeas corpus petition was accompanied by an application to proceed <u>in forma pauperis</u>, ("IFP"). (Docket No. 2.) The Court notes, however, that Petitioner paid the $5.00 filing fee for this action, and he has not shown that he has any need for IFP status other than to be excused from paying that fee. Petitioner's IFP application will therefore be denied as moot.

## III.  RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

(1) Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED AS MOOT**;

(2) Petitioner's Application for a Writ of Habeas Corpus, (Docket No. 1), be **DENIED**; and

(3) This action be **DISMISSED WITH PREJUDICE**.

DATED: October 6, 2005

<i>s/ Janie S. Mayeron</i><br>
JANIE S. MAYERON<br>
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by October 24, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.