**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

HAJJ ABDUL SHABAZZ,                                  Civil No. 05-2178 (JRT/JSM)

                      Plaintiff,

v.                                                                          **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

STATE OF MINNESOTA,

                      Defendant.

---

    Hajj Abdul Shabazz, #175067, Minnesota Correctional Facility, 7600 525th Street, Rush City, MN 55069, petitioner *pro se*.

    Richard L. Varco, Assistant Attorney General, **OFFICE OF THE MINNESOTA ATTORNEY GENERAL**, Suite 900, 445 Minnesota Street, St. Paul, MN 55101, for defendant.

    Petitioner Hajj Abdul Shabazz ("Shabazz"), a Minnesota prisoner incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota, brings this Petition for Writ of Habeas Corpus (the "petition") pursuant to 28 U.S.C. § 2254.  In a Report and Recommendation dated October 7, 2005, United States Magistrate Judge Janie S. Mayeron recommended dismissing the petition.  Petitioner has filed an objection to the Magistrate Judge's Report and Recommendation, as well as a "brief" raising legal issues.  The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the reasons set forth below, the Court overrules petitioner's objection and adopts the report and recommendation of the Magistrate Judge.

## BACKGROUND

In September 2002, the police discovered petitioner in a motel room with a fourteen-year-old girl. Petitioner was arrested on suspicion of criminal sexual conduct, and during the course of the arrest, the police discovered a handgun in one of petitioner's shoes. Petitioner was later charged with illegal possession of a firearm, as well as third degree criminal sexual conduct. Petitioner moved to suppress the evidence that the police found in the motel room, including the handgun. He contended that the evidence was obtained by means of an unconstitutional search and seizure. The trial court denied Petitioner's suppression motion, and a jury later found him guilty on the firearm charge, but not guilty on the criminal sexual conduct charge.

Petitioner challenged his conviction and sentence on direct appeal to the Minnesota Court of Appeals. He argued that his suppression motion should have been granted, because the police violated his Fourth Amendment rights during course of his arrest and the search of his motel room. The Minnesota Court of Appeals upheld the trial court's ruling on the merits and affirmed the conviction. *Minnesota v. Shabazz*, 2004 WL 835228 (Minn. Ct. App. Apr. 20, 2004). Petitioner sought further review in the Minnesota Supreme Court, but that request was denied on June 29, 2004.

In the report and recommendation, the Magistrate Judge recommended denying the petition, on the grounds that petitioner had a "full and fair" opportunity to litigate his Fourth Amendment claims in state court, and therefore petitioner's Fourth Amendment claims were barred under *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner objects to the report and recommendation, arguing that he did not have a full and fair opportunity to

raise his Fourth Amendment claim in the state court proceedings. After petitioner filed his objection to the report and recommendation, petitioner filed a "brief" raising legal issues. The Court will address each filing in turn.

## ANALYSIS

**I.      OBJECTION TO THE REPORT AND RECOMMENDATION**

In *Stone v. Powell*, 428 U.S. 465 (1976), the United States Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 482; *see also Wilson v. Minnesota*, 2002 WL 1752208 (D. Minn. Jul. 29, 2002). The Eighth Circuit uses a two-part test to determine if a full and fair opportunity to litigate a claim has been provided. *Palmer v. Clarke*, 408 F.3d 423, 437 (8th Cir. 2005) (citing *Willett v. Lockhart*, 37 F.3d 1265 (8th Cir. 1994)). Under this test, a Fourth Amendment habeas corpus claim is barred by *Stone v. Powell* unless the state provided no procedure by which the prisoner could raise his Fourth Amendment claim, or the prisoner was foreclosed from using that procedure because of an unconscionable breakdown in the system. *Palmer*, 408 F.3d at 437.

Petitioner does not dispute that his Fourth Amendment claim was raised and litigated in both the trial court and the state court of appeals. Indeed, petitioner raised his Fourth Amendment claim in his suppression motion before the trial court, and again in his direct appeal. *Shabazz*, 2004 WL 835228, at * 2-4. Both of those courts fully

considered petitioner's claim, and both courts decided the search and seizure issues on the merits. *Id.*

While petitioner obviously disagrees with the outcome of the state court proceedings, he does not deny that they occurred, nor does he deny that they gave him an opportunity to litigate his current Fourth Amendment claim. Therefore, because petitioner has not shown that he was denied a full and fair opportunity to litigate his Fourth Amendment claims in State court, the Court finds that those claims are barred pursuant to *Stone v. Powell*, and denies the petition. In addition, because the Court is denying the petition, it need not address petitioner's subsequent motion for leave to proceed *in forma pauperis*, and therefore denies that motion as moot.

## II.   BRIEF REGARDING LEGAL ISSUE

After he filed his objection, petitioner filed a "brief" regarding legal issues on December 5, 2005. In the brief, petitioner asserts that while in custody of the Minnesota Department of Corrections, he was placed in a chemical dependency treatment program. Petitioner alleges that, while he was in that program, he "invoked his Fifth Amendment right" against self-incrimination, and he apparently refused to participate in the program. Petitioner asserts that this resulted in the imposition of thirty additional days of incarceration.

Plaintiff raised his Fifth Amendment claim for the first time in the brief, and has not sought leave to amend his petition to add a Fifth Amendment claim. However, even

if plaintiff's Fifth Amendment claim[1] had been included in his petition, the Court would dismiss the petition. Before a federal district court may consider a state prisoner's petition for habeas corpus relief, the petitioner must exhaust all available state judicial remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). This rule reflects comity between federal and state judiciaries. *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971).

Here, petitioner not shown, nor even alleged, that he exhausted his state court remedies. If the Fifth Amendment claim had been included in the petition, the petition would have been dismissed for failure to exhaust state court remedies.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** petitioner's objection [Docket No. 4] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 3]. Accordingly, **IT IS HEREBY ORDERED** that petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] is **DISMISSED WITH PREJUDICE** and that petitioner's Motion for Leave to Proceed In Forma Pauperis [Docket No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 9, 2006          s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
         United States District Judge

---

[1] Under Rule 11 of the Rules Governing 2254 Cases, the Court could construe petitioner's brief as a motion to amend his habeas petition.